IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**BRANDON WARFIELD,**           *

    **Petitioner,**           *

v.                              *      Case No.: DLB-21-990

**WARDEN and**                  *
**THE ATTORNEY GENERAL OF**
**THE STATE OF MARYLAND,**      *

    **Respondents.**           *

**MEMORANDUM AND ORDER**

On April 21, 2021, Brandon Warfield filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. After defendants filed a limited answer, ECF 8, Warfield filed a reply, ECF 10, followed by motions to amend his petition and to stay the case, ECF 12 & 13. Respondents opposed both motions. ECF 16. Warfield filed a reply. ECF 17. For the reasons that follow, Warfield's motions are denied.

**I.      Motion to Amend**

Warfield filed an amended petition on May 19, 2021, at this Court's direction. ECF 4; *see* ECF 3. He seeks leave of Court to file a second amended petition because, upon receipt of the respondents' limited answer, he "was made aware of statutes related to his response." ECF 12, ¶ 3. He also asserts that "certain facts related to the 'lack of regularity' in the state court proceedings were erroneously omitted from [his petition]."

A party may amend its pleading once as a matter of course and then "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1), (2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A motion to amend should only be denied when 'the amendment would be prejudicial to the opposing party, there has been

bad faith on the part of the moving party, or the amendment would be futile.'" *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 217–18 (4th Cir. 2019) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  Amendment would be futile "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (citing *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)).

Respondents contend Warfield's motion is procedurally deficient and, in any event, amendment would be futile.  ECF 16, at 6–7.  They note Warfield did not file a proposed amended petition as this Court's Local Rules require.  *Id.* at 6.  They argue that "Warfield's federal habeas claims are non-cognizable, procedurally defaulted, and/or clearly meritless." *Id.* at 6–7.

Local Rule 103.6 provides that "[w]henever a party files a motion requesting leave to file an amended pleading, the original of the proposed amended pleading shall accompany the motion," and the party also shall file a redlined copy of the amended complaint and state whether the other side consents to the motion. Loc. R. 103.6(a), (c), (d); *see also Nemphos v. Nestle Waters N. Am., Inc.*, 775 F.3d 616, 628 (4th Cir. 2015) (district court did not abuse discretion in denying leave to amend when plaintiff "did not file a separate motion requesting leave to amend her complaint or attach a proposed amended complaint to her opposition brief," as Local Rule 103.6 required). Warfield did not file a proposed amended petition.  Nor did he describe the amendments sufficiently for the Court to ascertain their relevance to his claims.  Therefore, the motion for leave to amend is denied.

**II.   Motion to Stay**

In his motion to stay, Warfield states that he is "currently litigating other issues within [a] state post-conviction proceeding which may also [need] to be litigated in [a] federal habeas corpus as well." ECF 13, ¶ 2. He asks the Court to stay this case or hold it in abeyance pending the outcome of the state proceedings. *Id.* ¶ 3.

Warfield does not state what pleadings he filed in state court or what specific issues he raised. He asserts he "filed for post conviction relief before March 15, 2022," and "[t]he state responded on March 15, 2022." ECF 17, ¶ 4. The state court docket reflects that "correspondence" was filed on December 8, 2021, followed by an "answer to motion" on March 15, 2022. *See* https://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=12K18000212&loc=56 &detailLoc=ODYCRIM. According to respondents, petitioner filed a "Motion to Vacate Judgement [sic] due to Newly Discovered and Fabricated Evidence" on December 8, 2021, in the Circuit Court for Harford County, Maryland, Case No. 12-K-18-0212. ECF 16-1. In that motion, he raises three claims for relief pursuant to Maryland Rule 4-331. *Id.*

When a petitioner demonstrates good cause for failing to exhaust a claim in state court, the Court may stay the habeas case to allow the petitioner to return to state court to present the unexhausted claim. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A stay is "available only in limited circumstances." *Id.* Even upon a showing of good cause, a stay would be an abuse of discretion if the petitioner's "unexhausted claims [we]re plainly meritless." *Id.* Further, the Court should not grant a stay to a petitioner who "engages in abusive litigation tactics or intentional delay." *Id.*

Warfield does not show good cause for his failure to exhaust his claims in state court. He does not explain why he failed to exhaust the claims pending in state court before filing his petition

3

in this Court on April 21, 2021 or why he waited approximately seven months after initiating this case to file his state court post-conviction motion. Therefore, these are not the limited circumstances where the Court may stay the case or hold the petition is abeyance pending resolution of the state court post-conviction proceedings. *See id.* The motion to stay is denied.

Accordingly, it is this 13th day of June, 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Petitioner's Motion to Amend, ECF 12, is DENIED without prejudice;

2. Petitioner's Motion to Stay, ECF 13, is DENIED without prejudice; and

3. The Clerk SHALL SEND a copy of this Order to petitioner and counsel of record.

_____
Deborah L. Boardman
United States District Judge